Tiwary v Tiwary (2020 NY Slip Op 07479)





Tiwary v Tiwary


2020 NY Slip Op 07479


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, Shulman, JJ. 


Index No. 304433/15 Appeal No. 12616-12617N Case No. 2019-5671 2020-02665N 

[*1]Mark Anthony Tiwary, Plaintiff-Respondent-Appellant,
v
Yosef Tiwary et al., Defendants, Bozhena Basmanov, Defendant-Appellant-Respondent.


Fidelity National Law Group, New York (Joyce A. Davis of counsel), for appellant-respondent.
Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for respondent-appellant.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about October 8, 2019, which, to the extent appealable, denied plaintiff's cross motion to renew, unanimously modified, on the law, to grant renewal, and upon renewal grant his motion for summary judgment on the issue of his status as a marital child and a distributee of his father's estate, remand for further proceedings consistent with this opinion, and otherwise affirmed, without costs. Appeals from order, same court and Justice, entered on or about July 8, 2019, which denied plaintiff's motion for summary judgment and denied defendant Bozhena Basmanov's cross motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from plaintiff's motion to renew, and unanimously affirmed, with costs, as to the denial of defendant Basmanov's cross motion, respectively .
Pursuant to Domestic Relations Law § 24, if a mother and father enter into a civil or religious marriage after the birth of their child, the child is legitimated for all purposes of New York law, even if the marriage is void or voidable (§ 24[1]). Therefore, such child automatically becomes a distributee of both birth parents, without any need to satisfy one of the paternity tests set forth in Section 4-1.2(a)(2) of the EPTL (see Matter of Van Nostrand, 53 Misc2d 835 [Sup Ct, Nassau County 1967]; see generally Smith v Lansing, 24 Misc 566 [Sup Ct, Erie County 1898]; Miller v Miller, 46 Sickels 315[1883]["When a [nonmarital] child has, by the subsequent marriage of his parents, become legitimate by virtue of the laws of the State . . . where such marriage took place . . . it is thereafter legitimate everywhere and entitled to all the rights flowing from that status, including the right to inherit"]).
Plaintiff was born in 1973, nearly two years before his parents subsequently married. At some point, the decedent-father's name was placed on the plaintiff's birth certificate, which, pursuant to Public Health Law § 4135(2) in effect at the time, required "the consent in writing of both the mother and putative father, duly verified, and filed with the record of the birth." Pursuant to Public Health Law § 4103(2), "a certification of birth is prima facie evidence of the facts therein."
Here, on plaintiff's motion to renew, he provided a certificate of his birth, on which both his mother and the decedent were named as his parents. As he had on his motion for summary judgment, he also provided a copy of his parents' marriage certificate dated less than two years after his birth. Accordingly, plaintiff satisfied his burden in establishing that he was a marital child, and therefore entitled to share in his father's estate.
Defendant Basmanov's argument that plaintiff failed to establish fraud necessary to warrant voiding the deeds by which defendant Yosef purported to transfer the decedent's real property to himself, and then to her, is unavailing. Absent proof of fraud, a deed that [*2]purports to transfer more than the party owns is valid to the extent of transferring that party's interest (Matter of Blango, 166 AD3d 767, 768-769 [2d Dept 2018]); however, it has yet to be established whether Yosef committed a fraudulent transfer by representing himself as the sole heir of the decedent's estate in order to effectuate the transfer.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020